**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RYAN REIVES**                                                                              **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 1:08cv167-P-D**

**MARGARET BINGHAM, et al**                                          **DEFENDANT**

## ORDER

This cause is before the Court on defendant Bingham's Motion to Dismiss for Failure to Exhaust Available Administrative Remedies, and for Stay [14]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

The acts of which Reives complains occurred between September 26, 2006 and November 14, 2006. Although he filed a grievance with prison administrators on or about December 4, 2006, he withdrew it on January 24, 2007–before prison officials had an opportunity to take action on his complaint.

Defendant seeks dismissal of plaintiff's Complaint for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e. See also Wright v. Hollingsworth, 260 F.3d 357 (5th Cir. 2001).

Plaintiff urges the Court to deny the motion based on the fact that he is no longer incarcerated; he thus argues that the exhaustion requirement does not apply to him. However, the weight of authority is to the contrary. Cox v. Mayer, 332 F.3d 422 (6th Cir. 2003)(PLRA administrative exhaustion requirement was not excused by fact that when motion to dismiss for

failure to exhaust was decided, inmate had been released and thus could immediately refile); Dixon v. Page, 291 F.3d 485 (7th Cir. 2002)(same); Hopkins v. Addision, 36 Fed. Appx. 367 (10th Cir. 2002); Harris v. Garner, 216 F.3d 970 (11th Cir. 2000).  See also Duvall v. Dallas County, Tex., 2006 WL 3487024 (N.D. Tex. December 1, 2006); Gregory v. Miller, 2006 WL 1985922 (E.D. La. June 13, 2006).  Accordingly, defendant's motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Bingham's Motion to Dismiss for Failure to Exhaust Available Administrative Remedies, and for Stay [14] is well-taken and should be, and hereby is, GRANTED.  IT IS FURTHER ORDERED that this action should be, and hereby is, DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 20th day of January, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE