UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RYAN REIVES                                                                                          PLAINTIFF

V.                                                                          CIVIL ACTION NO.1:08CV167-D-D

MARGARET BINGHAM, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
SUPERINTENDENT OF CENTRAL MISSISSIPPI
CORRECTIONAL FACILITY; OKTIBBEHA
COUNTY, MISSISSIPPI; SHERIFF DOLPH BRYAN,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS SHERIFF OF OKTIBBEHA COUNTY; JAIL
ADMINISTRATOR BLASTINGAME, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS JAIL
ADMINISTRATOR OF THE OKTIBBEHA COUNTY JAIL;
JOHN AND JANE DOES ONE, TWO, AND THREE, INDIVIDUALLY,
AND/OR IN THEIR OFFICIAL CAPACITY AS
EMPLOYEES OF OKTIBBEHA COUNTY OR
CENTRAL MISSISSIPPI CORRECTIONAL FACILITY                   DEFENDANTS

## MEMORANDUM OPINION DISMISSING CASE

On June 23, 2008, Ryan Reives, filed suit against Margaret Bingham, individually and in her official capacity as superintendent of Central Mississippi Correctional Facility; Oktibbeha County, Mississippi; Sheriff Dolph Bryan, individually and in his official capacity as sheriff of Oktibbeha County; Jail Administrator Blastingame, individually and in his official capacity as jail administrator of the Oktibbeha County Jail; John and Jane Does One, Two, and Three, individually, and/or in their official capacity as employees of Oktibbeha County or Central Mississippi Correctional Facility alleging he was denied medical care for a fractured wrist while housed at the Oktibbeha County Jail from September 23, 2006 to October 5, 2006. All Defendants timely filed an answer to Plaintiff's original complaint, raising the defense of qualified immunity. On October 16, 2008, Defendants file a Motion to Dismiss and for qualified

immunity. Plaintiff was then granted leave to file two amended complaints which were filed on January 7, 2009 and February 26, 2009, respectively. Defendants answered the amended complaints, again raising the defense of qualified immunity.

On April 1, 2009 Magistrate Judge Jerry Davis entered an Order extending the discovery period as to the issue of qualified immunity through and including May 29, 2009 and granted Plaintiff an additional ten days after the close of the limited discovery period in which to reply to Defendant's motion to dismiss and for qualified immunity, making his response due June 8, 2009.

On May 28, 3009, before the limited discovery period ended, Plaintiff's attorney Ryan Reives filed a motion to withdrawn as attorney and for additional time for Plaintiff's new counsel to conduct discovery on the issue of qualified immunity. On July 31, 2009, Judge Pepper entered an Order granting Mr. Reives's motion to withdraw, giving Plaintiff until September 29, 2009 to retain substitute counsel or to notify the Court of his decision to proceed *pro se* and extending the limited discovery period to November 30, 2009.

Orders of the court must be obeyed regardless of whether litigants believe the orders are necessary, fair or correct. After any appeals or proper motions for reconsideration are exhausted, the order becomes final. The court must enforce its orders to control its docket; to protect the legitimate interests of the parties; and to protect the system of justice. The court also has an interest in the timely disposition of its business and the power to protect that interest, in various statutes, in the rules of the court and in the inherent power of the court. The inherent power of the court emanates from the "control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO*, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991) (quoting *Link v. Wabash R. R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed. 2d 735 (1962)). A litigant's *pro se* status does not exempt them from compliance with the dictates of the court.

Substitute counsel has not entered an appearance in this case nor has Plaintiff notified the court of his intention to proceed *pro se*. Therefore, Plaintiff has failed to obey an order of this court. In addition, there is nothing before the court to suggest that Plaintiff has conducted any additional discovery related to the issue of qualified immunity. It appears from Plaintiff's lack of action and communication with the court that he does not intend to comply with the orders of the court and that he has abandoned this cause of action.

Further, Plaintiff has failed to file any opposition to Defendant's motion to dismiss and for qualified immunity or request an extension of time in which to do so. Plaintiff's response to the motion to dismiss was due December 14, 2009. Though the Court is aware that Plaintiff's failure to respond does not permit the Court to grant the motion as unopposed, the Court finds that Plaintiff's failure further demonstrates his desire to abandon his cause of action.

Federal Rule of Civil Procedure 41(b) allows the Court to involuntarily dismiss a case if Plaintiff fails to prosecute or to comply with a court order. The Court, having considered the Plaintiff's actions as a whole, is of the opinion that Plaintiff has failed to prosecute the action and failed to comply with an order of the court and therefore finds the case should be dismissed with prejudice.

A separate order shall follow.

THIS the 5th day of January, 2010.

_____
SENIOR JUDGE